**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 18-05002-01-CR-SW-MDH** |
| | ) | |
| **TRACY A. SMITH,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

Before the Court is Defendant's *Pro Se* Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. 107). The Government filed Suggestions in Opposition. (Doc. 108). The Defendant has failed to reply and the time to do so has elapsed. This matter is now ripe for adjudication on the merits. For the reasons stated herein, Defendant's *Pro Se* Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) is **DENIED**.

Defendant was sentenced to 235 months' imprisonment following a jury trial where Defendant was found guilty of being a felon and unlawful user of a controlled substance in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and (3). The Defendant appealed and the Eighth Circuit affirmed, finding the district court did not err in sentencing the Defendant as an armed career criminal. *United States v. Smith*, 803 Fed. Appx. 973, 974 (8th Cir. 2020). Defendant's Motion for Compassionate Release contends that extraordinary and compelling reasons exist because of a sentencing disparity caused by the Armed Career Criminal Act ("ACCA") enhancement; rehabilitation beyond ordinary compliance; and her age, time served and reduced risk. (Doc. 107). The Government argues that Defendant's motion should be denied

1

because she has not demonstrated extraordinary and compelling reasons justifying a reduction in her sentence. (Doc. 108).

Section 3582(c)(1)(A) permits an inmate to move for reduction in sentence if he exhausted his administrative appeals or the facility's warden did not respond to his reduction in sentence request within 30 days. 18 U.S.C. § 3582(c)(1)(A). The Court may not modify a term of imprisonment once it has been imposed otherwise. *Id*. For a district court to be able to grant a § 3582(c)(1)(A) reduction the defendant must meet three conditions: (1) an extraordinary and compelling reason exists; (2) a sentencing reduction would be consistent with United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13, including that the defendant is not a danger to another person or the community; and (3) the § 3553(a) factors weigh in favor of compassionate release. *See United States v. Avalos Banderas*, 39 F.4th 1059, 1062 (8th Cir. 2022).

## I. Sentencing Disparity

The Defendant argues that recent Supreme Court decisions undermine the predicates used to enhance her sentence. In support, the Defendant cites *Wooden v. United States*, 595 U.S. 360 (2022) and *Borden v. United States*, 593 U.S. 420 (2021). The Defendant argues under modern precedent, she would likely not qualify for ACCA, and her sentence today would be capped at 10 years. The Defendant argues that this continued incarceration creates a gross sentencing disparity in her case constituting an extraordinary and compelling reason for relief.

An extraordinary and compelling reason exists if:

a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. 1B1.13(b)(6). Here, the Defendant fails to show that an extraordinary and compelling reason exists. The Defendant has only served approximately eight years of her sentence. (Doc. 107, page 1). Based on the plain language of the sentencing guideline, Plaintiff must serve at least 10 years of her sentence before she may contend an extraordinary and compelling reason exists based on an unusually long sentence.[1]

## II.      Rehabilitation

The Defendant points to her rehabilitation efforts in support of a reduction of a term of imprisonment. However, rehabilitation is not, in itself, an extraordinary and compelling reason. U.S.S.G. § 1B1.13(d). While the Court acknowledges that Defendant's efforts at rehabilitation are commendable, she has failed to show how her rehabilitation, even in conjunction with her other reasons for compassionate release, rise to the level necessary for relief pursuant to 18 U.S.C. § 3582(c)(1)(A) or U.S.S.G. § 1B1.13.

## III.     Age, Time Served and Reduced Risk

Lastly, the Defendant argues that she is 55 years old and presents an extremely low risk of recidivism. The Defendant states that this risk assessment is supported by her conduct record, extensive programming, current trainings, rehabilitation and spiritual enlightenment. (Doc. 107, page 2). However, these attributes are not extraordinary or compelling reasons to be granted compassionate release. An extraordinary and compelling reason exists if the "defendant presents any other circumstance or combination of circumstance that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to

---

[1] Should the Defendant believe that a Supreme Court decision qualifies her for a sentencing reduction, the appropriate avenue is through 28 U.S.C. § 2255 and not 18 U.S.C. § 3582(c)(1)(A). *See United States v. Crandall*, 25 F.4th 582, 586 (8th Cir. 2022). As the Defendant's first 28 U.S.C. § 2255 motion has been fully adjudicated, *see* Doc. 78, the Defendant must request permission from the Eighth Circuit to file a successive § 2255 motion. A successive § 2255 motion may not be filed in a district court unless a panel of the appropriate court of appeals certifies the motion. 28 U.S.C. § 2255(h).

those described in paragraphs (1) through (4)." U.S.S.G. § 1B1.13(b)(5). The Defendant has not shown how her age, time served, or her alleged reduced risk qualifies as an "other reason" similar in gravity to those described in paragraphs (1) through (4) of U.S.S.G. § 1B1.13(b)(5).

**CONCLUSION**

After careful consideration of the record before the Court, including the arguments contained in the Government's response, the Court hereby **DENIES** Defendant's *Pro Se* Motion for Compassionate Release.

**IT IS SO ORDERED**.

DATED:   March 17, 2026

*/s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**

4