**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHWESTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )    **Case No. 18-05002-01-CR-SW-MDH** |
| | ) |
| **TRACY ARLENE SMITH,** | ) |
| | ) |
| **Defendant.** | ) |

## ORDER

Before the Court is Defendant's *Pro Se* Motion for Reconsideration. (Doc. 111). The Government has failed to respond and the time to do so has elapsed. The matter is now ripe for adjudication. For the reasons herein, Defendant's Motion for Reconsideration is **DENIED**.

Defendant was sentenced to 235 months' imprisonment following a jury trial where Defendant was found guilty of being a felon and unlawful user of a controlled substance in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and (3). The Defendant appealed and the Eighth Circuit affirmed, finding the district court did not err in sentencing the Defendant as an armed career criminal. *United States v. Smith*, 803 Fed. Appx. 973, 974 (8th Cir. 2020). On February 5, 2026, the Defendant filed her Motion for Compassionate Release (107) and on March 17, 2026, this Court denied her motion. (Doc. 109).

Defendant argues that this Court should reconsider its Order denying her Motion Requesting Compassionate Releases pursuant to 18 U.S.C. § 3582. The Defendant filed her reply to the Government's Suggestions in Opposition on March 11, 2026, six days after her reply was due. Defendant argues that the Court should forgive the lateness of her filing as she contends that: (1) the Federal Prison Camp Bryan lacks the proper legal materials needed to proceed in a timely

1

manner; the United States Postal Service is slow; and that Defendant is currently confined to a wheelchair which makes it difficult to move in a timely manner.

The Eighth Circuit has held, "Federal Rule of Civil Procedure 59(e) was adopted to clarify a district court's power to correct its own mistakes in the time period immediately following entry of judgment." *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. Of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998) (citations omitted). Motions under Rule 59(e) may only correct manifest errors or present newly discovered evidence. *Id*. Petitioners may not rely on Rule 59(e) to introduce new evidence or raise new arguments or theories. *Id*.

Here, the Defendant provides no manifest error of the court or any newly discovered evidence for which the Court should consider. Even in review of Defendant's Reply, she does not provide any meritorious argument as to why she is entitled to compassionate release or why the Court's March 17, 2026, Order was in err. First, the Defendant argues that there is no ten-year minimum requirement for relief under 18 U.S.C. § 3582(c)(1)(A). While the Defendant is correct there is no ten-year minimum requirement for relief under 18 U.S.C. § 3582(c)(1)(A), there is a ten-year minimum requirement to prove an extraordinary and compelling reason based on an unusually long sentence.[1] The Defendant has not shown that she meets the criteria for an extraordinary and compelling reason based on an unusually long sentence or how the Court erred in its prior Order. (Doc. 109); *see also* United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13(b)(6). Thus, the Defendant's Motion for Reconsideration based upon the ten-year requirement under U.S.S.G. § 1B1.13(b)(6) is **DENIED**.

---

[1] The Defendant argued that recent Supreme Court decisions undermine the predicates used to enhance her sentence and thus if she was resentenced today, she would be capped at ten years. In essence the Defendant argues she received an unusually long sentence compared to those who would be charged today.

Next, the Defendant argues that rehabilitation is not the only basis for relief. However, the other arguments the Defendant has articulated within her Motion for Compassionate Release did not rise to the level of extraordinary and compelling. As stated within the Court's Order "rehabilitation is not, in itself, an extraordinary and compelling reason." (Doc. 109); *see also* U.S.S.G. § 1B1.13(d). As Plaintiff could not prove her sentence disparity qualified as an extraordinary and compelling reason, nor her age, time served and reduced risk qualified as an extraordinary and compelling reason, the Court cannot grant Defendant's motion solely on her rehabilitation efforts. For these reasons, the Defendant's Motion for Reconsideration based upon her rehabilitation is **DENIED**.

Lastly, the Defendant argues that she is not attempting to use 18 U.S.C. § 3582(c)(1)(A) to circumvent the requirements of 28 U.S.C. § 2255. However, the Court did not base its Order on this argument when it denied the Defendant's Motion for Compassionate Release and thus cannot be a basis for reconsideration of the Court's Order. For the reasons stated, Defendant's Motion for Reconsideration is **DENIED**.

**IT IS SO ORDERED.**

Dated: April 22, 2026

         */s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**